UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7489 JVS(JC) | Date | May 5, 2009 |
|---|---|---|---|
| Title | Armando Hernandez v. Warden Harrison, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| none | none |

**Proceedings:**      (IN CHAMBERS)

**ORDER TO SHOW CAUSE**

On December 6, 2007, plaintiff, who is in custody and proceeding *pro se*, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against seven prison medical practitioners in their individual capacity. One of the defendants named is Dr. Wegbo Anthony Echendu ("Defendant Echendu"). Plaintiff alleges that such defendant is employed at the California State Prison in Lancaster, California, where petitioner was formerly housed, violated his Eighth Amendment right to be free from cruel and unusual punishment by depriving him of adequate medical care.

The court has authorized plaintiff to proceed *in forma pauperis* and has directed plaintiff to provide information to enable the United States Marshal's Service (the "USMS") to accomplish service of process. More specifically, on December 18, 2007, the court directed plaintiff to complete and return to the clerk, USM-285 Forms providing the first and last name of the defendants, any available identification numbers, and a complete street address where the defendants could be served with the summons and complaints. Pursuant to Fed. R. Civ. P. 4(m), absent good cause, service of the complaint and summons must be accomplished within 120 days of the filing of the complaint, i.e., by April 4, 2008.

On January 2, 2008, plaintiff sent to the Clerk a USM-285 Form which reflected defendant Echendu's address as: C.S.P. - LAC 44750 60th Street West Lancaster, California 93536 Attention Medical Department. The clerk forwarded the information to the USMS on January 8, 2008. On January 20, 2009 this court *sua sponte* took judicial notice of the public records of the California Medical Board available on such entity's website which reflected that the address for Defendant Echendu is: 10008 National Boulevard, Ste. 309, Los Angeles, California 90034 and directed the Clerk to supply such address to the USMS to facilitate service of process by the USMS on Defendant Echendu in accordance with the court's December 18, 2007 Order.

On March 10, 2009, the court advised plaintiff of the difficulties the USMS was having in effecting service on Defendant Echendu and directed plaintiff, within fourteen (14) days, i.e., by March 24, 2009, to attempt to obtain further information regarding Defendant Echendu to facilitate service of process upon him and to provide any additional such information to the court. To date, petitioner has not provided any further information regarding the defendant and has not otherwise responded to the March 10, 2009 order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7489 JVS(JC) | Date | May 5, 2009 |
|---|---|---|---|
| Title | Armando Hernandez v. Warden Harrison, et al. | | |

An incarcerated *pro se* plaintiff, proceeding *in forma pauperis*, is entitled to rely on the USMS for service and should not be penalized by having his action dismissed for failure to effect service where the USMS has failed to perform its duties.  Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  Nevertheless, a plaintiff relying upon the USMS for service must provide the necessary information to effectuate service.  Id.  Where a *pro se* plaintiff fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court may dismiss the unserved defendant *sua sponte*.  Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  Here, the USMS has been diligent in attempting to effect service but has been unable to do so because plaintiff has provided insufficient information.

IT IS THEREFORE ORDERED that the plaintiff shall show cause in writing, on or before **May 25, 2009**, why this court should not dismiss this action as against Defendant Echendu based upon plaintiff's failure to provide the USMS with adequate information to effect service upon defendant and plaintiff's failure to prosecute this action by providing such information and responding to the court's March 10, 2009 order.

**Plaintiff is cautioned that the failure to comply with this order and/or to show good cause, may result in the dismissal of this action with regard to Defendant Echendu.**

IT IS SO ORDERED.


| | | Initials of Deputy Clerk | kc |
|---|---|---|---|